

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

OSIEL GRAJALES-VELASQUEZ,

Petitioner,

v.

TODD LYONS, Director of ICE; KRISTI NOEM, Secretary of DHS; PAMELA BONDI, U.S. Attorney General; CHRISTOPHER LAROSE, Warden of Otay Mesa Detention Center,

Respondents.

Case No.:  26cv1969 DMS VET

**ORDER REQUESTING SUPPLEMENTAL BRIEFING**

On March 27, 2026, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 along with a motion for a temporary restraining order and a motion for appointment of counsel.  On April 1, 2026, the Court granted Petitioner's motion for appointment of counsel and appointed Federal Defenders of San Diego, Inc. to represent Petitioner.  Respondents then filed their Return to the Petition, and Petitioner filed a Traverse with the assistance of counsel.

In the Petition, Petitioner raised a claim that his continued detention violates the Due Process Clause and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  In their Return, Respondents did not address Petitioner's *Zadvydas* claim.  Instead they argued the Petition presented a

1

question about the statutory authority governing Petitioner's detention.  They stated they did not oppose the Petition, and the appropriate remedy would be a bond hearing.  In the Traverse, Petitioner did not address his *Zadvydas* claim, but asserted he should be released subject to his previous bond conditions rather than having another bond hearing.

After reviewing the information in the Return, (*see* Return at 3 n.1), it appears an immigration judge entered a removal order against Petitioner on April 8, 2019. https://acis.eoir.justice.gov/en/caseInformation.  Petitioner then filed an appeal of that order with the Board of Immigration Appeals ("BIA"), which the BIA dismissed.  *See Grajales-Velasquez v. Garland*, Case No. 22-179, United States Court of Appeals for the Ninth Circuit ("First Appeal"), ECF No. 1.  Petitioner then filed an appeal of the BIA decision with the Ninth Circuit, *id.*, which was dismissed and denied on August 21, 2023. First Appeal, ECF No. 30.1.

It appears that on March 17, 2026, Petitioner filed a motion to reopen his immigration proceedings with the BIA on the ground of ineffective assistance of counsel, which was denied.  *See Grajales-Velasquez v. Bondi*, Case No. 26-1973, United States Court of Appeals for the Ninth Circuit ("Second Appeal"), ECF No. 1.  Petitioner then appealed that decision to the Ninth Circuit, *id.*, and that appeal is pending.

Given the information set out above, it appears Petitioner is subject to a final removal order, and his detention is therefore governed by 8 U.S.C. § 1231(a).  However, it is unclear whether or how the removal period is affected by Petitioner's Second Appeal.  The Court requests supplemental briefing from the parties on this issue, and how that issue affects the claims alleged in this case.  The parties shall submit their supplemental briefs on or before **May 20, 2026**.

**IT IS SO ORDERED**.

Dated:  May 13, 2026

Hon. Dana M. Sabraw
United States District Judge